# UNITED STATES FEDERAL DISTRICT COURT
# FOR THE DISTRICT OF ALASKA AT FAIRBANKS

Georgette Joann Okray, )
Freddie Ray Okray )
                                  )
   Plaintiffs, )
                                  )
   Vs. )
                                  )
United States of America, )
Kamish Family Practice Clinic, )
Paul E. Whittaker, Col. Md. )
                                  ) Case No. 4:08-cv-00004-RRB
Defendants . )

RECEIVED FEB 07 2008 CLERK, U.S. DISTRICT COURT FAIRBANKS, AK

## COMPLIANT

The Plaintiffs, Georgette Joann Okray, hereinafter referred to as Mrs. Okray and Freddie Ray Okray, hereinafter referred to as Mr. Okray by and through Pro Se representation and for way of their Complaint against the Defendants, United States of America, hereinafter referred to as USA, Kamish Family Practice Clinic a Division of Bassett Army Hospital, hereinafter referred to as Kamish, Paul E. Whittaker, MC, hereinafter referred to as Dr. Whittaker alleges as follows:

1. That on 7/31/2001, Mrs. and Mr. Okray were residents of the Fourth Judicial District, residing in North Pole, Alaska at 1748 Pool Street, North Pole, Alaska.

2. That the cause of action on which this action is based arose in that judicial district. Thus, venue is properly laid in this Court under U.S. Code 28, Part IV Chapter 87 §1391.

3. That Mrs. Okray and Mr. Okray are now and at all times hereafter mentioned lived in and are citizens of the state of Alaska.

4. That the USA, United States Army, Ft. Wainwright, Alaska, operates a military hospital located on the base at Ft. Wainwright known as Bassett Army Community Hospital, hereafter referred to as BACH operates Kamish Family Practice Clinic, hereinafter referred to as Kamish which is a division of BACH.

5. At the time of treatment, Mrs. Okray was a 40 year old disabled veteran suffering from fibromyalgia, plantar pain bilaterally, Post Traumatic Stress Disorder (PTSD), Chronic Fatigue, Carpal Tunnel Syndrome, and Depression.

6. That at the time of the injury to Mrs. Okray, she was a medically retired Air Force Sergeant living in North Pole Alaska and as such she was assigned to a primary care giver at Kamish and therefore required to use Kamish.

7. That Dr. Whittaker was assigned to Medigan Army Hospital in Fort Lewis Army Post in Tacoma Washington and was serving a manning assist at Kamish where he treated Mrs. Okray as a patient.

8. On July 31, 2001 at 11:30 a.m. Mrs. Okray had an appointment for pain in the hands with Dr Whittaker at Kamish. Dr. Whittaker was not her regular doctor, he had never treated Mrs. Okray before this appointment, nor did he have Mrs. Okray medical records prior to or during this appointment.

9. Mrs. Okray presented herself to Kamish on the 31st of July, 2001 for the 11:30 appointment complaining with pain in both wrists and requested a refill of Tylenol III. Dr. Whittaker examined her wrist for carpal tunnel syndrome and diagnosed

Okray v. USA, et al.
COMPLIANT
Page | 2

Case 4:08-cv-00004-RRB   Document 1   Filed 02/07/08   Page 2 of 7

S: 40 year old female complain of carpal tunnel syndrome. Bilaterally. Nerve conduction studies 1997-8. Positive for carpal tunnel syndrome.

D: tender wrists, esp. on left. Mild strength decrease. Dry hands.

A: Carpal tunnel syndrome. Hand eczema

P: Calcium, Ph., ANA, RF, Indocin 50 tid x 10d. Celestone 6 mg in L wrist. TAC Cream. (See attachment 1)

10. During the appointment Dr. Whittaker deviated from Kamish's normal procedures of treating advanced carpal tunnel pain which was a referral to the orthopedic clinic. Instead he told Mrs. Okray that he had gotten an injection 5-years earlier and it restored his ability to perform surgery again. He informed Mrs. Okray that he was the only one at Kamish that could perform the injection and that he would be leaving at the end of the week (around or about the August 3, 2001) returning to Medigan Hospital. He stated that if she was going to have the injection, it would have to be given right then.

11. Dr. Whittaker failed to give Mrs. Okray informed consent about the injection and lead her to believe it was a simple procedure that only he was qualified to perform and he assured her that she would not become crippled as a result of the injection. Dr. Whittaker failed to inform Mrs. Okray that this procedure is normally performed by an orthopedic surgeon or a neurologist. With no medical history to refer to, no nerve reports to refer to, and without informing her of the risks to her nerves, Dr. Whittaker injected 6 mg of Celestone into Mrs. Okray left carpal tunnel.

12. Dr. Whittaker failed to follow proper use of injections procedures when he injected the nerve and failed to follow-up with the injury he caused. When Dr. Whittaker injected the needle into her wrist, she immediately complained that "her hand felt like it was on

Okray v. USA, et al.
COMPLIANT
Page | 3

Case 4:08-cv-00004-RRB   Document 1   Filed 02/07/08   Page 3 of 7

fire" this response indicated he had hit the nerve and should discontinue the procedure. He did not stop the injection; he proceeded to inject the left wrist with 6 mg of Celestone steroids. The improper use of the injection resulted in a nerve injection injury with catastrophic and adverse outcome.

13. In his treatment of Mrs. Okray, Dr. Whittaker either lacked the knowledge and/or failed to exercise the degree of skill that is ordinarily required under the treatment and follow-up care of Mrs. Okray's medical conditions, and as such, failed to possess the degree of knowledge or skill or the degree of care ordinarily exercised under the circumstances, at the time of the act complained of, by health care providers in the field or specialty in which Dr. Whittaker is practicing.

14. As a result of Dr Whittaker's carelessness and negligence as alleged above and his failure to refer Mrs. Okray to an orthopedic hand doctor, he turned chronic pain into constant suffering. Because of the injection, she now suffer anxiety of regular physicians, fear of needles, marital stress, left median neuropathy, left median trauma and left wrist causalgia, Reflex Sympathetic Dystrophy (RSD), facial pain from synthetic blocks in her cervical spine, hypersensitivity in her left hand and continued degrading of her right hand's carpal tunnel syndrome. She has extreme sensitivity to cold temperatures so much so that several doctors recommend she move from her Alaskan home in the winter months to seek some relief from the nerve pain in her hand and face.

15. The dramatic change in her ability to care for herself and cook using whole grains and fresh raw vegetables, and the increase in eating fast foods and readymade foods while trying to escape the uncontrollable pain that results every time she touches anything

Okray v. USA, et al.
COMPLIANT
Page | 4

Case 4:08-cv-00004-RRB   Document 1   Filed 02/07/08   Page 4 of 7

with her left hand prevented her from eating a proper diet and the drastic diet change caused the onset of adult type-2 diabetes.

16. Mrs. Okray quality of life and her family relationship has been especially strained. Her inability to give her husband the marital affections he had come to expect from her has caused Mr. Okray undue denial of marital affections.

17. The nerve pain in her left hand prevents Mrs. Okray from performing a critical hair braiding ritual of hair care during which critical cultural knowledge is passed from the younger generation to the older generation. This has caused a severing of the close relationship once shared by her and her adult daughter because of the loss of time they once spent braiding hair and transferring her master braiding skills to her young cultural members and fostering the repair of heritage deficit commonly shared within their culture.

18. Mrs. Okray suffered from depression and PTSD. As part of her therapy, she would write on her computer. The injury caused by Dr. Whittaker caused her to be unable to write on her computer without intense pain, now what use to bring her joy is another bout with pain. The prospect of her enjoying the normal life of a disable person is greatly burdened and the chance of a future free of nerve pain is substantially curtailed by the daily challenges of the left wrist median nerve injury and it's exasperation of the right hand due to over use.

19. Dr. Whittaker, a Colonel in the US Army during the said time of injury to Mrs. Okray beginning with a carpal tunnel injection into her median nerve at the Family Practice Clinic, was under lawful orders to treat patients for Bassett Army Hospital's Family Practice Clinic at Kamish, therefore the US Army is liable for the injuries he caused.

Okray v. USA, et al.
COMPLIANT
Page | 5

Case 4:08-cv-00004-RRB   Document 1   Filed 02/07/08   Page 5 of 7

20. The Plaintiffs submitted their claims in the amount of $1,200,000 for injuries to Mrs. Okray and to Mr. Okray to the Department of the US Army Claims Services, which the agency rejected in their claims response letter dated August 7, 2007. Plaintiff disagree with their action and are filing this suit in the appropriate United States District Court according to the terms specified. (See attached)

21. That the proximate result of the negligence of Defendant USA as stated above , the Plaintiffs Mrs. Okray and Mr. Okray have been damaged in an amount which will be proven at trial, but is no less than 800,000.

22. THE PLAINIFFS DEMAND JUDGENT AGAINST DEFENDANTS AS FOLLOWS:

1. For Georgette Joann Okray, General damages in an amount which will be proven at trial, but no less than $400,000.

2. For Georgette Joann Okray, special damages in an amount which will be proven at trial, and such other further special damages as may be hereinafter sustained or ascertained.

3. For Freddie Ray Okray, general damages as a result of his loss of consortium in an amount which will be proven at trial.

4. For prejudgment and post judgment interest in an amount which will be determined.

5. For costs and reasonable attorney's fees.

6. For such other just and equitable relief as is deemed necessary in the premises.

Okray v. USA, et al.
COMPLIANT
Page | 6

Case 4:08-cv-00004-RRB   Document 1   Filed 02/07/08   Page 6 of 7

Dated this 7th day of February 2008, at Fairbanks Alaska.

_____
Georgette Joann Okray
Plaintiff (Represented Pro Se)


_____
Freddie Ray Okray
Plaintiff (Represented Pro Se)

Okray v. USA, et al.
COMPLIANT
Page | 7

Case 4:08-cv-00004-RRB   Document 1   Filed 02/07/08   Page 7 of 7